**Rodman ABURTO–MIRANDA; et al., Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–73334.
Agency Nos. A76–705–956 A76–705–957.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 15, 2004.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Murray D. Hilts, Esq., Law Offices of Murray Hilts, San Diego, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Russell J.E. Verby, U.S. Department of Justice, Washington, DC, for Respondent.

Before GOODWIN, ALARCÓN and TROTT, Circuit Judges.

## MEMORANDUM **

Lead petitioner Rodman Aburto–Miranda, a native of Nicaragua and a citizen of Costa Rica, and his wife Sara Aburto, a native and citizen of Costa Rica, petition for review of the Board of Immigration Appeals' ("BIA") dismissal of an appeal from an immigration judge's ("IJ") denial of his application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have partial jurisdiction pursuant to 8 U.S.C. § 1252. Where, as here, the BIA clearly adopts and incorporates the IJ's reasoning, we review the IJ's decision under the substantial evidence standard. *Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001) (citation omitted). We dismiss in part and deny in part the petition for review.

■ We lack jurisdiction to review the agency's conclusions that Aburto–Miranda's application did not comply with the one-year filing deadline of 8 U.S.C. § 1158(a)(2)(B), *see Hakeem,* 273 F.3d at 815, and did not demonstrate extraordinary or changed circumstances pursuant to section 1158(a)(2)(D), *see Molina–Estrada v. INS,* 293 F.3d 1089, 1093 (9th Cir.

---

2002). Consequently, we lack jurisdiction to review Aburto–Miranda's contentions regarding the merits of his asylum claim.

 We review for substantial evidence the agency's determination that petitioner did not satisfy his burden of proof to qualify for withholding of removal and we uphold the agency's ruling unless the evidence compels a contrary result. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir.2001). Substantial evidence supports the agency's finding that Aburto–Miranda did not show a clear probability of future persecution because although Aburto–Miranda testified credibly that he received unspecified threats, that someone attempted to burn down his house and that someone tried to kidnap his daughter, he and his family nevertheless remained in the country for several uneventful years following those incidents. *See Castillo v. INS*, 951 F.2d 1117, 1122 (9th Cir.1991) (noting that the BIA may properly consider as significant petitioner's continued safe and undisturbed residence in his homeland after occurrence of event which is alleged to have induced his fear).

Aburto–Miranda's challenge to the BIA's adoption of the IJ's opinion with respect to his claims for CAT relief and withholding of removal is without merit. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–51 (9th Cir.2003) (endorsing the practice of adopting the IJ's opinion without issuing a separate opinion).

 We lack jurisdiction to consider Aburto–Miranda's contentions with respect to the IJ's consideration of his DUI conviction and the BIA's failure to consider his changed circumstances, as he did not raise any of these issues in his appeal to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674,

677 (9th Cir.2004) (holding that exhaustion is mandatory and jurisdictional).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), Aburto–Miranda's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

PETITION FOR REVIEW DISMISSED in part, DENIED in part.